[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11319

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARIA HAYDEE LUZULA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:14-cr-20221-PAS-1

_____

Before WILLIAM PRYOR, Chief Judge, and WILSON and LAGOA, Circuit Judges.

PER CURIAM:

Maria Luzula, a federal prisoner, appeals the denial of her motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Luzula failed to identify extraordinary and compelling reasons for early release, *see* United States Sentencing Guidelines Manual § 1B1.13(b) (Nov. 2023), and alternatively, in the light of the "extremely serious" nature of the offense, a sentence reduction would "diminish the purpose of her sentence." We affirm.

We review the denial of a section 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

We need not address Luzula's argument that the district court failed to address the combination of factors constituting extraordinary and compelling reasons for her release, *see* U.S.S.G. § 1B1.13(b)(5), because Luzula abandoned any challenge to the determination that the statutory sentencing factors, 18 U.S.C. § 3553(a), weighed against her release. Where a judgment is based on multiple, independent grounds, an appellant must challenge every ground supporting it. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). We may affirm a denial of compassionate release if the statutory sentencing factors weigh against relief. *See United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir.

2021). Because Luzula abandoned any challenge to the independent ground that the sentencing factors weighed against granting a sentence reduction, we affirm. *See Sapuppo*, 739 F.3d at 680.

In any event, the district court did not abuse its discretion in ruling that the sentencing factors weighed against Luzula's release. *See* 18 U.S.C. § 3553(a). Although it did not explicitly state that it had considered the statutory sentencing factors, the district court explained the seriousness of the offense in extorting $2 million from over 8,000 victims and that the purposes of her sentence would not be served by a sentence reduction. These statements reflect consideration of the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, promote respect for law, and provide just punishment. *See id.* § 3553(a)(1)–(2); *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (holding that although the district court did not state it considered the statutory sentencing factors, it was sufficient that the record showed it had considered them). And the district court did not commit a clear error of judgment by weighing the seriousness of the offense more heavily than the mitigating evidence she presented in her motion. *See Tinker*, 14 F.4th at 1240–41.

**AFFIRMED.**